UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS J. PARIS              :

    Petitioner          :   CIVIL ACTION NO. 3:19-2098

  v.                          :        (JUDGE MANNION)

                                          :

COMM. OF PA,

                                          :

    Respondent

## MEMORANDUM

Petitioner, Thomas J. Paris, an inmate confined in the State Correctional Institution, Chester, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He attacks a sentence imposed by the Court of Common Pleas for Schuylkill County, Pennsylvania. Id. A response (Doc. 17) and traverse (Doc. 18) having been filed, the petition is ripe for disposition. For the reasons outlined below, the Court will deny the petition for writ of habeas corpus.

**I.  Background**

The following background of Petitioner's sentence has been extracted from PCRA counsel's No-Merit Letter. (Doc. 17-4 at 11).

On January 10, 2019, current counsel was appointed to represent the Defendant Thomas Paris on his pro-se filed motion titled "Motion to Modify and Reduce Sentence" concerning case numbers 676 & 275-2018. In case 676-2018, the Defendant was charged with burglary and in case 275-2018, the Defendant was charged with theft and other related offenses. Prior to entering his guilty plea on both of these cases, the Defendant had been sentenced to a one to two year probation revocation sentence on case 950-2015 and a two to four consecutive sentence on case 259-2018. Thus, at the time of the entrance of the guilty plea on these two cases, the Defendant was already serving a three to six year prison sentence.

On the two cases that are the subject of this petition, the Defendant was represented by attorney Kent Watkins of the Schuylkill County Public Defender's Office. It was the hope of the Defendant the he would receive a sentence on these two cases to run concurrently with the three to six year sentence he was already serving. A plea agreement was entered into that called for a two to four year state prison sentence on the burglary charge in case 676-2018 and a one to two year consecutive sentence on the theft charge in case 275-2018. The plea memorandum specified that the "Court will determine whether these sentences would be concurrent or consecutive to 259-2018."

On November 28, 2018, a sentencing hearing was held before the Honorable William E. Baldwin whereby the Defendant made it clear that he understood the plea agreement by stating "I asked them to run them concurrent, and they said it's up to the Court; we'd leave it up to the Court to decide." (N.T. p. 9). Due to the Defendant's extensive prior record and the seriousness of the current crimes, the Honorable William E. Baldwin sentenced the Defendant to a consecutive 3-6 year sentence on these cases.

On January 2, 2019, the Defendant filed a "Motion for Appeal." However, since the time for filing an appeal to the Superior Court had expired, the court treated his filing as a Petition for Post-Conviction Relief. Subsequently, on January 22, 2019 the Defendant filed a "Motion to Modify and Reduce Sentence" which

> the Defendant essentially asked the Court to re-sentence him concurrently on the three to six year sentence on which he was recently sentenced. In his petition the Defendant raised six points that he asked the court to consider, namely:
>
> 1. The Defendant apologizes to the Court and the victim of his actions.
>
> 2. The Defendant admits being under the influence of heroin at the time of offense.
>
> 3. The offense is of non-violent with no person present.
>
> 4. The Defendant is not a threat with no violent history.
>
> 5. The court in its discretion should reconsider the sentence and reduce the term of imprisonment which was imposed.
>
> After reviewing the file and the Petition filed by the Defendant, current counsel met with the Defendant on January 24, 2019 at the Schuylkill County Prison to review his petition and his cases. Essentially, the Defendant is upset that he did not receive a concurrent sentence. Counsel explained that the issue of whether he received a concurrent or consecutive sentence was within the Court's discretion. Unfortunately for the Defendant, the court gave him a consecutive sentence. After reviewing the petition filed by the Defendant and speaking with him personally, current counsel believes that there is no legal basis for having the Court reconsider his sentences. The Defendant did not state any claims of ineffectiveness again attorney Kent Watkins, he only complained that he should have received a concurrent sentence. Counsel's opinion is the Court should dismiss Mr. Paris's Post Conviction Relief Act Petition as the Petition is meritless.

(Doc. 17-4 at 11-13). On February 13, 2019, in response to the No-Merit letter, the trial court issued an Opinion adopting counsel's conclusions that the Defendant had raised no meritorious claims for post-conviction relief and

issued an Order granting counsel leave to withdraw, advising Paris that he may employ private counsel, represent himself or withdraw his petition, and that the failure to notify the court within forty-five days of his decision would result in his petition being dismissed without a hearing. (Doc. 17-5 at 3, Order).

On March 4, 2019, in response to the Court's February 13, 2019 Order, Paris filed a *pro se* "Amended Motion to Modify and Reduce Sentence," (Doc. 17-6 at 1) which the trial court dismissed on March 7, 2018, as follows:

> The Court previously received a No-Merit letter from counsel appointed to represent the defendant. After review of the defendant's claims the Court agreed with counsel's assertion that the claims lacked merit. Counsel was permitted to withdraw, and the defendant was directed to advise the Court whether he wished to proceed *pro se* or employ private counsel.
>
> The defendant responded by filing an "Amended Motion to Modify and Reduce Sentence." In that motion, the defendant brought to the Court's attention a clerical error in the sentencing order docketed to CR-676-2018. Count 1 of the information in that case charges the defendant with burglary. The defendant entered his plea to that charge; the elements of burglary and possible sentences for that crime were explained to him at the time of his plea; burglary was the charge referred to at the time of sentencing; and it is listed at the top of the sentencing order among the charges. In an obvious and patent mistake the name of the charge listed for Count 1 in the sentence was "Att-Robbery". This mistake was not recognized until the defendant brought it to the Court's attention in his amended motion. Since

> it was obvious clerical error, it has been corrected by an amended order.[1]
>
> A sentence is illegal if a statute bars the court from imposing that sentence. **Commonwealth v. Berry**, 877 A.2d 479 (Pa. Super. 2005). Such an illegal sentence is reviewable through a post-conviction relief petition, 42 Pa.C.S.A. §9543(a)(2)(vii); but the defendant claims only that the Court abused its discretion in imposing his sentences to be served consecutive to the sentence he was already serving.
>
> His amended motion makes contradictory assertions that he was sentenced to imprisonment of 2 to 4 years for robbery on CR-676-2018 and a consecutive 1 to 2 years for theft by deception on CR-275-2018, and later in that motion that he received a sentence of 6 to 12 years. This latter assertion of a 6 to 12 year sentence relates to the order that his sentence on the charges subject to his petition be served consecutively to a previous sentence. That is a matter of discretion for the sentencing court and not reviewable in a post-conviction relief proceeding.

(Doc. 17-8 at 2-3).

On April 26, 2019, Petitioner filed a Notice of Appeal with the Pennsylvania Superior Court, which was quashed as untimely and duplicative as follows:

> Appellant was sentenced on November 28, 2018 and filed a notice of appeal on January 2, 2019 which was docketed at No. 33 MDA 2019. On March 26, 2019, Appellant filed a PCRA petition, which the PCRA court denied on April 3, 2019, and Appellant filed the instant appeal on April 26, 2019. The instant notice of appeal has two lower court docket numbers in the caption: 275-2018 and 676-2018.

---

[1] On March 7, 2019, the trial court issued an Order amending the sentencing Order to describe the charge for Count 1 as Burglary. (Doc. 17-7 at 1).

> The April 26, 2019 notice of appeal indicates that the appeal is being taken from the November 28, 2018 judgment of sentence. Appellant's docketing statement also indicates that the appeal is from the judgment of sentence, and the November 28, 2018 sentencing order is attached to the docketing statement.
>
> Additionally, the notice of appeal in the above-captioned case contains multiple docket numbers from the court of common pleas. Pennsylvania Rule of Appellate Procedure 341(a) and its Note require the filing of separate notices of appeal when a single order resolves issues arising on more than one trial-court docket. The Supreme Court of Pennsylvania has confirmed, prospective to its decision filed June 1, 2018, a notice of appeal that fails to comply with Rule 341 and its Note shall result in quashal of the appeal. **See Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).
>
> In light of the fact that the instant notice of appeal was filed on April 26, 2019, after the **Walker** decision, this Court, by order of May 28, 2019 directed Appellant to show cause whey the above-captioned appeal should not be quashed in light of **Walker**. To the extent that the Appellant was attempting to appeal from the November 28, 2018 judgment of sentence, he was directed to show cause why the above captioned appeal should not be quashed as untimely and as duplicative of the appeal filed at No. 33 MDA 2019. Appellant filed a response, but did not present legal argument to justify this Court's jurisdiction. Therefore, the above-captioned appeal is hereby **QUASHED** as untimely and as duplicative of the appeal at No. 33 MDA 2019.

(Doc. 17-10 at 2-3).

On July 11, 2019, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). He raises the following three grounds for relief: (1) Illegal Sentence; (2) Insufficient Counsel; and (3) Lack of resources during transfer. Id.

## II. **Standard of Review**

A habeas corpus petition pursuant to 28 U.S.C. §2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). 28 U.S.C. §2254, provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States
>
> ....
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254. Section 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner. Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Glenn v. Wynder, 743 F.3d 402, 406 (3d Cir. 2014). A federal court may consider a habeas petition filed

- 7 -

by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). This limitation places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings resulted in "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." <u>Reed v. Farley</u>, 512 U.S. 339, 348 (1994) (citations omitted).

Paris' case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").

## III. <u>Discussion</u>

As a threshold matter, a habeas petitioner must either show that the federal constitutional claims asserted in the federal habeas petition have been "fairly presented" to the state courts; that there is an absence of available state court corrective process; or that circumstances exist rendering the available state court process ineffective to protect the petitioner's rights. *See* 28 U.S.C. §2254(b).

- 8 -

However, the question of exhaustion need not be resolved as the claims presented by Paris are clearly without merit. See 28 U.S.C. §2254(b)(2)(a federal court can deny a habeas petition "on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

### A. Claim One

Petition claims that he has received an illegal sentence, in that he "plead guilty to Burglary" and "was sentenced to Att. Crim. Robbery." (Doc. 1 at 7).

The record reveals that by Order dated March 7, 2019, the trial court corrected this typographical error by amending the sentencing order to describe the charge for Count 1 as Burglary, noting that Count 1 of the information in that case charges the defendant with burglary. The defendant entered his plea to that charge; the elements of burglary and possible sentences for that crime were explained to him at the time of his plea; burglary was the charge referred to at the time of sentencing; and it is listed at the top of the sentencing order among the charges. (Docs. 17-7, 17-8). Thus, Petitioner's claim is moot as it was already corrected by the state court.

### B. Claim Two

Paris' second claim is that he had insufficient counsel, because he plead guilty in exchange for a concurrent sentence and received a consecutive sentence. (Doc. 1).

In addition to counsel's No-Merit Letter indicating that "Counsel explained that the issue of whether he received a concurrent or consecutive sentence was within the Court's discretion," (Doc. 17-4 at 7), the trial court's Opinion adopting the No-Merit Letter, found the following:

> The defendant had been sentenced in two cases not the subject of this petition before entering a guilty plea in the instant two cases. There was a plea agreement pursuant to which his plea was entered. The agreement called for a total sentence of 3 to 6 years. The agreement specified that the decision whether this sentence would be served concurrent with or consecutive to the original sentences was left to the discretion of the Court. The defendant was disappointed when the sentence was imposed consecutively.

(Doc. 17-5 at 1). Additionally, Petitioner's sentencing transcript makes it clear that Petitioner was not promised a concurrent sentence in exchange for his plea of guilty:

> THE COURT: Well, the plea agreement that's before the Court now on 676 and 275 doesn't even call for it to be concurrent. It calls for it to be consecutive.
>
> THE DEFENDANT: That was left up to the Court.
>
> THE COURT: No. It says that the one case - - 275 is consecutive to 676. What was left to the Court is whether or not

> this sentence on these two cases would be concurrent or consecutive to the other case.
>
> THE DEFENDANT: Right.
>
> THE COURT: But it doesn't call for these two to even be concurrent.
>
> THE DEFENDANT: No.
>
> THE COURT: So, when you say you thought all three were going to be concurrent, how can you think that when you signed a plea agreement where these two are consecutive?
>
> THE DEFENDANT: Right.
>
> THE COURT: It doesn't make sense.
>
> THE DEFENDANT: Right. I understand that. Yep.
>
> THE COURT: So, what are you saying?
>
> THE DEFENDANT: That the final sentences, the 3 to 6, the 3 to 6, the overall sentence, not the two cases. What do you call that, aggregated sentences?
>
> THE COURT: Well, what are you telling me, that you entered into an agreement that you thought it was concurrent and this is not the deal that's being offered you?
>
> THE DEFENDANT: No. No, not at all. No. I asked them to run them concurrent, and they said it's up to the Court; we'd leave it up to the Court to decide.

(Doc. 17-11 at 7-9).

Thus, Petitioner's claim that he pled guilty in exchange for a concurrent sentence is without merit. It is well settled that counsel cannot be deemed

ineffective for failing to raise a meritless claim. See United States v. Bui, 795 F.3d 363, 366-67 (3d Cir. 2015) (citation omitted). Thus, Petitioner's second claim is without merit.

### C. Claim Three

Petitioner states that there was a "lack of resources during transfer", in that he was "being transferred for thirty (30) days after [his] sentence date." (Doc. 1).

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.' ' " Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540.

Paris' claim related to resources available while being transferred does not challenge the basic fact or duration of his imprisonment. Thus, because this claim does not affect the duration of Paris' confinement, it is not cognizable in a habeas petition. Therefore, the Court will dismiss this claim without prejudice.

## IV. Certificate of Appealability.

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Paris fails to demonstrate that a COA should issue.

The denial of a certificate of appealability does not prevent Paris from appealing the order denying his petition so long as he seeks, and obtains, a

- 13 -

certificate of appealability from the Third Circuit Court of Appeals. <u>See</u> Fed.R.App.P. 22(b)(1).

## V. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 will be denied and the case will be closed.

A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 4, 2021**
19-2098-01

- 14 -